CC TO JUDGE _____

HONORABLE JOHN C COUGHENOUR

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 2 0 2003   PM

AT SEATTLE
CLERK U S DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV 03-00659 #00000006

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLORIA K OWEN, individually and on behalf of all other similarly situated marine guest services employees, | No C03-0659C |
| Plaintiffs, | AMENDED COMPLAINT – CLASS OR COLLECTIVE ACTION COMPLAINT |
| v | |
| WEST TRAVEL, INC and ALASKA SIGHTSEEING/CRUISE WEST CO d/b/a CRUISE WEST, | |
| Defendants | |

Plaintiff, Gloria K Owen, individually and on behalf of all similarly situated marine guest services employees of defendants, alleges as follows

## SUMMARY OF THE CASE

1       This action arises under the Fair Labor Standards Act ("FLSA") 29 U S C § 201 *et seq* Defendants own and operate a fleet of cruise ships  The crews on defendants' vessels fall into two separate categories  Defendants use the term "marine operations" to describe the work of the category of its marine employees engaged in operating its vessels as a means of transportation  These

Amended Complaint - Page 1
Case No  (C03-0659C)

**ORIGINAL**

Anthony J Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

"marine operations" employees include  the master, mates, engineers, and deckhands aboard each of defendants' vessels   Defendants use the term "marine guest services employees" to define the separate class of its marine workers, whose primary duties entail cooking, serving, entertaining, cleaning up after and/or doing housekeeping for the passengers aboard its vessels   These guest services employees typically work very long hours on defendants' vessels, well in excess of 40 hours per week ("overtime")

2        Defendants employed name plaintiff, Gloria K  Owen, as a marine guest services employee aboard two of its vessels   Ms  Owen alleges that, under the FLSA, marine guest services employees are entitled to FLSA prescribed overtime compensation for work they perform in excess of 40 hours per week   Ms  Owen further alleges, as more specifically supported herein, that defendants are well aware of and have acknowledged their obligation to pay their marine guest services employees FLSA overtime compensation   Nonetheless, defendants have consistently and willfully failed to pay their marine guest services employees FLSA overtime compensation   Accordingly, Ms  Owen, on behalf of herself and all other similarly situated marine guest services employees of defendants, alleges that defendants have violated the FLSA and seeks unpaid overtime wages and other damages as provided under that statute

## JURISDICTION AND VENUE

3        Jurisdiction arises under both the jurisdictional provisions of the FLSA 29 U S C  § 216(b), and under 28 U S C  § 1331

4        Venue is proper in this judicial district under 28 U S C  § 1391   A substantial part of the events and omissions giving rise to the claim occurred in this judicial district   Defendants are doing business and have their principal place of business within this judicial district

Amended Complaint - Page 2
Case No   (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

## PARTIES

5       Named plaintiff, Gloria K Owen is a resident of the State of Oregon, and was employed as a marine guest services employee, primarily as a baker and galley worker, aboard defendants' vessels, the M/V SPIRIT OF COLUMBIA and the M/V GLACIER BAY, between the period of on or about April 1999 through October 2001  At all material times Gloria K Owen was an "employee" of defendants within the meaning of 29 U S C  § 203

6       Defendants West Travel, Inc and Alaska Sightseeing/ Cruise West Co are doing business in the State of Washington and their principal place of doing business is within King County, Washington  At all material times defendants were employer(s) and constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U S C  § 203

## DEFINITION OF THE PUTATIVE CLASS

7       The class of "similarly situated" persons sought to be certified under 29 U S C  § 216(b) is defined as  all persons who, at any time, during a period limited to three years prior to filing this complaint, worked as a marine guest services employees of defendants aboard defendants' American flagged vessels

8.       During the period material to this complaint defendants have owned and operated seven different American flagged vessels crewed by U S citizens and/or U S documented workers  Defendants also own and operate two other vessels which are foreign flagged, i e , The SPIRIT OF OCEANUS and The M/V PACIFIC EXPLORER (formerly known as The TEMPTRESS EXPLORER)  On information and belief these foreign flagged vessels are crewed by non-U S citizens  To eliminate the disparate issue of whether the FLSA applies to employment aboard defendants' two foreign flagged vessels, the putative class excludes persons employed by defendants

Amended Complaint - Page 3
Case No  (C03-0659C)

Anthony J Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

*exclusively* on those foreign vessels   The class's claims and allegations herein are limited to employment aboard defendants' American vessels

### FACTS COMMON TO ALL CLAIMS

9      Defendants did not enter a written contract with Gloria K  Owen, but instead employed Ms  Owen and, on information and belief, its other marine guest services employees, under oral contracts

10      Gloria K  Owen and defendants other marine guest services employees usually worked in excess of 40 hours per week ("overtime")      More specifically, plaintiff and defendants' other marine guest services employees typically worked 12 or more hours per day, 7 days a week

11      Gloria K  Owen and defendants' other marine guest services employees primarily worked in providing services to the passengers aboard defendants' vessels
No marine guest services employee's services were "rendered primarily as an aid in the operation of defendant's vessels as a means of transportation" within the meaning of 29 C F R  § 783 31
Accordingly, Gloria K  Owen, and defendants' other marine guest services employees are not exempt as "seaman" under 29 U S C  § 213(b)(6) from the FLSA's overtime payment requirements under 29 U S C  § 207(a)(1)

12      Defendants' year 2000 employee handbook states that  "[m]ost members of the deck staff working aboard vessels are seamen under federal guidelines, and as such are exempt from overtime earnings "  However, defendants' year 2000 employee handbook goes on to further state that "[e]xcept for Hotel Managers and Chefs, guest services employees working aboard vessels are not exempt from overtime earnings "  Accordingly, with the exception of Hotel Managers and Chefs, defendants have acknowledged that most of their marine guest services employees are entitled to overtime compensation under the FLSA

Amended Complaint - Page 4
Case No  (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

13    On information and belief defendants' other employee handbooks and/or documents issued during the period material to plaintiffs' claims, further reflect defendants' knowledge that its navigational marine employees are exempt from overtime earnings, but that its marine guest services employees are entitled to overtime under federal law

14    The basic compensation terms of named plaintiff's and defendants' oral employment agreement were that plaintiff was to be paid a day rate of $60 dollars per 10 hour day, plus a share of the tips paid by passengers amongst a pre-designated pool of tipped employees  For all hours worked over 10 per day, named plaintiff was to be paid at an hourly rate equal to one and one-half times minimum wage  In addition to the fore-stated compensation, plaintiff received room and board aboard the vessel

15    On information and belief, defendants paid its other marine guest services employees under the same basic salary structure which it used to pay the named plaintiff  More specifically, defendants compensated its marine guest services employees through the combination of a day rate, plus tips, plus an hourly rate for hours over ten per day

16    For work performed in excess of 40 hours per week, defendants did not pay Gloria K Owen, nor, on information and belief, its other marine guest services employees, compensation at a rate not less than one and one-half times the "regular rate" at which they were employed within the meaning of 29 U S C  § 207(a)(1).

17    Defendants required Gloria K  Owen and, on information and belief, its other marine guest services employees to record and report the time they worked each day on a daily time sheet

18    At all material times defendants used a bi-weekly pay period

Amended Complaint - Page 5
Case No  (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

## COLLECTIVE OR CLASS ACTION ALLEGATIONS

19     Plaintiff seeks to maintain this action as a collective action pursuant to 29 U S C §

216(b)   The Court may certify this action as a collective action pursuant to 29 U S C § 216(b) and

allow joinder of similarly situated employees and former employees of defendants   The similarly

situated employees whom named plaintiff seeks to join are the class of employees defined above

under paragraph 7 of this complaint

20     Information as to the precise size of the putative class of similarly situated employees

is solely in possession of defendants   However, on information and belief, the potential class consists

of more than 100 persons   It would be more judicially efficient to adjudicate this matter as a

collective action as opposed to adjudicating numerous individual actions involving common issues of

law and material fact   Plaintiff's attorneys do not anticipate any difficulties in the management of this

suit as a collective action

21     Further, a collective action is superior to other methods for the fair and efficient

adjudication of the controversy as it serves the broad remedial purposes of the FLSA by providing the

most thorough and comprehensive means of addressing, and redressing if appropriate, defendants'

alleged knowing and willful violation of that statute

22     A collective action also serves the broad remedial purposes of the FLSA by lowering

the costs to plaintiffs, thus better enabling them to pursue claims for violation of the statute   Costs to

individual plaintiffs in a collective action are lowered through the pooling of resources and by limiting

the controversy to one proceeding which efficiently resolves common issues of law and fact that arose

from the same alleged activity

23     There are issues of law and fact common to all members of the putative class that

predominate over any issue affecting only individual class members   The facts common to all

Amended Complaint - Page 6
Case No   (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

members of the putative class include those set out in the preceding section of this complaint   The

issues of law common to all members of the class include  (a) whether marine guest services

employees are exempt as "seaman" under 29 U S C  § 213(b)(6) from the FLSA's overtime payment

requirements under 29 U S C. § 207(a),  (b) whether defendants violated 29 U S C  § 207(a)(1) by

failing to pay members of the class FLSA prescribed overtime compensation, and, (c) whether

defendants' marine guest services employees were subject to a single unlawful practice or plan

whereby defendants knowingly and willfully deprived them of overtime compensation mandated by

the FLSA

    24      Named plaintiff, Gloria K  Owen's, claims are typical of the claims of the putative

class   The named plaintiff, like the other members of the putative class, alleges that she worked long

hours as a marine guest services employee and defendants knowingly and willfully failed to pay her

overtime compensation in violation of the FLSA   Further, the named plaintiff does not have any

conflicts of interest with the other members of the putative class

    25      Defendants have acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final declaratory relief with respect to the class as a whole

    26      The named plaintiff will fairly and adequately protect the interests of members of the

class and has retained competent counsel

### FIRST CAUSE OF ACTION - VIOLATION OF 29 U.S.C. § 207(a)(1)

    27      Plaintiff re-alleges and incorporates by reference all of the foregoing allegations

    28      For the purposes of her Fair Labor Standards Act ("FLSA"), 29 U S C  § 201 et seq ,

claim, plaintiff, and the putative class, are not exempt employees under any of the exemptions stated

Amended Complaint - Page 7
Case No  (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

under the statute   Specifically, the "seaman" exemption under Section 13(b) of the FLSA, 29 U S C  §
213(b)(6), does not apply to the named plaintiff and the rest of the members of the putative class

29      Defendants did not pay the named plaintiff, and the rest of members of the putative
class, compensation for work performed in excess of 40 hours per week at a rate not less than one and
one-half times the regular rate at which they were employed   Defendants' failure to so compensate
plaintiff and the putative class violated 29 U S C  § 207(a)(1)

30      Defendants' failure to pay overtime, to plaintiff and the rest of the members of the
putative class, in violation of 29 U S C  § 207(a) was willful and not in good faith

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

31      Plaintiff re-alleges and incorporates by reference as though set forth completely herein,
all of the foregoing allegations

32      Plaintiff, and the rest of the members of the putative class, are entitled to a declaration
of their rights and, in accordance with 28 U S C  § 2201, seek a Declaratory Judgment that they are
nonexempt employees under the FLSA and are, therefore, entitled to overtime compensation, pursuant
to 29 U S C  § 207(a)(1), and that, they were not paid overtime compensation in compliance with the
FLSA   Further and in accordance with 28 U S C  § 2202, plaintiff, and the rest of the members of the
putative class, seek an Order requiring that defendants compensate them for overtime compensation
pursuant to 29 U S C  § 207(a)(1)

33      Plaintiff, and the rest of the members of the putative class, seek all further relief, in
accordance with 28 U S C  § 2201, *et seq ,* as may be necessary, proper and just

Amended Complaint - Page 8
Case No   (C03-0659C)

Anthony J  Ginster
Attorney At Law
225 – 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240

**PRAYER**

Plaintiff Gloria K Owen, individually and on behalf of all others similarly situated, prays for relief as follows

(a) For an Order determining and certifying the instant action as a proper class action maintainable under 29 U S C § 216(b),

(b) For judgment against defendants for unpaid overtime wages in an amount to be proven at trial, and for an additional equal amount as liquidated damages, attorneys fees and costs pursuant to 29 U S C § 216(b),

(c) For an Order declaring defendants' marine guest services employees to be non-exempt employees under the FLSA and therefore entitled to overtime compensation pursuant to the provisions of the FLSA,

(d) For pre-judgment and post-judgment interest,

(e) For the costs of maintaining this suit, and,

(f) For an award to plaintiffs of any other relief this Court deems equitable and just

DATED this 19 day of May, 2003

Anthony J Ginster, WSBA #19310
Attorney for Plaintiffs

DATED this 19 day of May, 2003

Gordon C Webb, WSBA #22777
Attorney for Plaintiffs

Amended Complaint - Page 9
Case No  (C03-0659C)

Anthony J Ginster
Attorney At Law
225 ~ 106th Avenue N E
Bellevue, WA 98004
(425) 462-8240