UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLORIA K. OWEN, individually and on behalf of all other similarly situated marine guest services employees, | ) ) ) |
| | ) CASE NO. C03-0659Z |
| Plaintiffs, | ) ) STIPULATION AND SETTLEMENT ) AGREEMENT |
| v. | ) ) |
| WEST TRAVEL, INC., and ALASKA SIGHTSEEING/CRUISE WEST CO. dba CRUISE WEST, | ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement ("Agreement") is made by the Plaintiffs and the defendants, West Travel, Inc., dba Alaska Sightseeing/Cruise West Co. and Cruise West (collectively, "Cruise West") in the action pending in the U.S. District Court for the Western District of Washington, Case No. C03-0659Z ("Action"), and is subject to the approval of the Court. The "Plaintiffs" are Gloria Owen and all individuals who submitted a Consent to Become a Party Plaintiff whose names are set forth on Exhibit A attached hereto.

### RECITALS

I.  **Plaintiffs' Claims.** The Action was originally filed by plaintiff Owen in the District Court on March 13, 2003. On or about May 20, 2003, Owen filed and served an Amended Complaint – Class or Collective Action Complaint ("Amended Complaint"),

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 1

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

alleging that Cruise West failed to pay overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. The Plaintiffs have claimed and continue to claim that their claims have merit and give rise to liability on the part of Cruise West. Neither this Agreement, nor any documents referred to or contemplated herein, or any action taken to carry out this Agreement is, or may be construed as, or may be used as an admission, concession, or indication by or against the Plaintiffs or Plaintiffs' Counsel as to the merits or lack thereof of the claims asserted.

II. **Cruise West's Denials of Wrongdoing.** Cruise West has denied and continues to deny each of the claims and contentions alleged by the Plaintiffs in the Action. Cruise West has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Cruise West also has denied and continues to deny, *inter alia*, the allegations that the Plaintiffs have suffered damage, or that Cruise West misclassified any of the Plaintiffs as exempt from overtime requirements. Neither this Agreement, nor any documents referred to or contemplated herein, nor any action taken to carry out this Agreement is, or may be construed as, or may be used as an admission, concession or indication by or against Cruise West or Cruise West's counsel as to the validity or merits of the claims asserted or of any fault, wrongdoing or liability whatsoever.

III. **Certification and Notice.** Plaintiff sought to certify a collective action and on December 12, 2003, the Court provisionally certified, over Cruise West's objection, a class consisting of:

> those individuals who were employed by Defendants as "marine guest services employees," as defined in Defendants' 2000 employee handbook from March 13, 2000, to the date in October 2001 when Plaintiff was terminated.
OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 2

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

Notice was sent to current and former employees of Cruise West, and the individuals listed in Exhibit A submitted a Notice to Become a Party Plaintiff. The Court did not address the merits of the parties' arguments.

### IV.    Discovery in the Collective Action.

The parties exchanged written discovery, with the Plaintiffs propounding four sets of interrogatories and requests for production of documents. The parties have conducted in excess of 25 depositions. Counsel for the parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims of the Plaintiffs and potential defenses thereto, and the damages claimed by the Plaintiffs. In pertinent part, the investigation has yielded the following: The gist of the Action is the allegation that Cruise West has failed to pay the Plaintiffs overtime compensation as allegedly required by law. The Plaintiffs are demanding various amounts for wages, penalties, interest, attorneys' fees, and other damages. Cruise West contends that the Plaintiffs were properly paid, they were exempt from federal overtime requirements by virtue of one or more exemptions recognized under federal law, and several additional defenses apply.

### V.    Benefits of Settlement to the Plaintiffs.

Plaintiffs recognize the expense and length of continued proceedings necessary to continue the litigation against Cruise West through trial and through any possible appeals. Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Plaintiffs are also aware of the burden of proof necessary to establish liability for the claims asserted in the Action, Cruise West's defenses thereto, and the difficulties in establishing damages. Plaintiffs have also taken into account the extensive settlement negotiations conducted under the auspices of U.S. Magistrate Judge James P. Donohue, which negotiations ended in an oral settlement agreement placed into the Court record on April 20, 2005. Based on the foregoing, Plaintiffs have determined that the

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 3

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in their best interests.

**VI.  Cruise West's Reasons for Settlement.** Cruise West has concluded that any further defense of this litigation would be protracted and expensive. Substantial amounts of time, energy and resources of Cruise West have been and, unless this Agreement is made, will continue to be devoted to the defense of the claims asserted by the Plaintiffs. Cruise West has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the claims asserted by the Plaintiffs.

## TERMS AND CONDITIONS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Plaintiffs and Cruise West, and subject to the approval of the Court, that the Collective Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that the Action shall be dismissed with prejudice, subject to the recitals set forth hereinabove (which by this reference become an integral part of this Agreement) and subject to the following terms and conditions:

1.  **Payment by Cruise West.** Cruise West shall arrange for payment of $1,600,000.00 (One Million, Six Hundred Thousand Dollars and No Cents) into a fund for purposes of this settlement. Indeed, such funds have already been paid into the Court's registry. Within thirty-five (35) days of entry of the Final Judgment with Prejudice ("Final Judgment"), the form of which is attached as Exhibit B, or upon final resolution of any appeal if the Final Judgment is appealed, Cruise West shall also pay $15,000.00 (Fifteen Thousand Dollars and No Cents) to the Settlement Fund Administrator as an additional contribution to costs of administration. These payments are made in exchange for the promises and commitments made by Plaintiffs and their counsel throughout this Agreement, including but not limited to the release of claims by Plaintiffs in paragraph 2 and the

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 4

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

dismissal with prejudice in paragraph 11. The fact and amount of these payments will be reported on IRS Form 1099.

2.  **Release.**  Plaintiffs, both individually and in their collective capacity, on behalf of themselves and their marital communities, heirs, executors, administrators, and assigns, do hereby irrevocably waive, release, acquit, and forever discharge Cruise West, its owners, affiliates, or related entities, and its present and former directors, officers, employees, agents and attorneys, both individually and in their representative capacities (collectively, the "Released Parties"), from any and all claims, rights, demands, charges, complaints, causes of action, damages, obligations, disputes, or liabilities of any kind or nature that were asserted in the Action or could have been but were not asserted in the Action, whether known or unknown, arising out of the alleged facts, circumstances, and occurrences underlying the allegations set forth in the Amended Complaint. This release specifically excludes, without limitation, the following: any claims for breach or enforcement of this Agreement; any claims for physical injury, maintenance, cure, and "unearned wages" arising due to any injury and/or illness suffered by a Plaintiff while in the employment of Cruise West and/or the service of one or more of Cruise West's vessels; any claims for or entitlements to ERISA plan benefits; any claims under the Age Discrimination in Employment Act or Older Workers Benefits Protection Act; any claims that may not be released as a matter of law; and claims under the Fair Labor Standards Act for any period after October 29, 2001, that have been brought by individuals who are named plaintiffs or who have properly submitted a timely Consent to Become a Party Plaintiff in *Rebecca Bell, et al. v. West Travel, et al.*, Case No. 2:04-cv-01890-TSZ, in the United States District Court for the Western District of Washington, or persons who may bring timely actions under the Fair Labor Standards Act for any period after October 29, 2001.

3.  **Time Period Covered by Settlement Payments.**  The settlement payments cover claims under the Fair Labor Standards Act for the period through October 29, 2001.

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 5

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

4. **Settlement Fund.** The term "Settlement Fund" shall refer to the funds (totaling $1,600,000.00) that Cruise West has arranged to have paid into the Court's registry for transfer to the Plaintiffs' Counsel for distribution in accordance with this Agreement. Interest that accrues on the Settlement Fund shall belong to Plaintiffs. Immediately upon entry of the Final Judgment, the clerk shall be authorized and directed to draw a check on the funds on deposit in the registry of the Court in the principal amount of $1,600,000.00 plus all accrued interest, minus any statutory users fees, payable to Webster Mrak & Blumberg in trust for Gloria K. Owen et al., 1422 Seneca Street, Seattle, WA 98101, and mail or deliver the check to Webster Mrak & Blumberg at 1422 Seneca Street, Seattle, WA 98101, for distribution in accordance with this Agreement.

5. **Allocation of Settlement Fund.** The Settlement Fund shall be allocated among the following elements: (a) the total payments to the Plaintiffs of the Gross Settlement Amounts less deductions as explained in paragraph 6 below (the potential total Gross Settlement Amounts equal $911,421.25, less taxes, plus interest accrued on the Settlement Fund, and shall collectively be referred to as the "Payout Fund"); (b) costs incurred by Plaintiffs' Counsel ($46,578.75 plus additional taxes and up to $2,000.00 for costs of administration as set forth in paragraphs 7 and 13 below); and (c) the fees awarded to Plaintiffs' Counsel ($640,000) as set forth in paragraph 8 below. For purposes of this Agreement, the Gross Settlement Amounts shall be allocated among alleged unpaid wages and overtime compensation ($318,997.44), alleged liquidated damages ($318,997.44), alleged interest ($273,426.37), plus alleged interest accrued on the Settlement Fund. Because the amount of accrued interest is unknown, the amounts stated herein as allocated among the designated elements are necessarily approximate.

6. **Plan of Allocation for Payment to Plaintiffs.** A Plaintiff's Gross Settlement Amount will be calculated in proportion to the amount of back pay calculated and set forth for such person in the Second Supplemental Report of Plaintiffs' Expert John Ferris, attached

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 6

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

hereto as Exhibit A. From the portion of each Plaintiff's Gross Settlement Amount allocated to unpaid wages and overtime compensation, payroll deductions will be made for state and federal withholding and other taxes and any other applicable payroll deductions owed by the Plaintiff as a result of the payment. The resulting amount, plus each Plaintiff's share of liquidated damages and accrued interest, result in a "Net Settlement Amount." The Net Settlement Amount that will be paid to each Plaintiff is the Plaintiff's "Settlement Award." The Gross Settlement Amount for that Plaintiff is consequently the sum of the Net Settlement Amount for that Plaintiff plus the state and federal withholdings taxes and other payroll deductions owed by the Plaintiff relating to the payment to the Plaintiff.

7. **Reimbursement of Costs Incurred by Counsel.** Plaintiffs' Counsel shall be entitled to reimbursement from the Settlement Fund of the costs they incurred in connection with the Action, which total $46,578.75 plus costs of administration as set forth in paragraph 13 below.

8. **Fees Award.**

   A. Plaintiffs' Counsel shall be entitled to an award of attorneys' fees ("Fees Award") of $640,000 (Six Hundred Forty Thousand Dollars and No Cents), constituting forty percent (40%) of the value of the Settlement Fund.

   B. The Fees Award shall be paid from the Settlement Fund and shall be distributed as between Plaintiffs' Counsel as Plaintiffs' Counsel have mutually agreed among themselves.

   C. Payment of the Fees Award to Plaintiffs' Counsel shall constitute full satisfaction of Cruise West's obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses or costs in the Action incurred by any person, attorney, or law firm on behalf of the Plaintiffs, and shall relieve Cruise West, the Settlement Fund Administrator, and all other Released Parties of any other claims or liability to any other

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 7

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

person, attorney, or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiffs with respect to their claims.

9. **Responsibilities of Webster Mrak & Blumberg.** Upon approval of the Court, Webster Mrak & Blumberg shall act as Settlement Fund Administrator and in that capacity shall:

    A. From the Settlement Fund, pay and/or withhold all required federal, state, and local taxes;

    B. From the Settlement Fund, pay the reimbursement of costs incurred by counsel;

    C. From the Settlement Fund, pay the Fees Award;

    D. From the Settlement Fund, pay the Settlement Awards from the Payout Fund to the Plaintiffs in accordance with the terms of this Agreement; and

    E. Report all payments and taxes as required by federal, state, and local law.

10. **Operation of the Settlement Fund.**

    A. Webster Mrak & Blumberg will establish a separate interest bearing trust account for the Settlement Fund;

    B. Webster Mrak & Blumberg will calculate the net amounts to be paid to the Plaintiffs from the Payout Fund in accordance with the terms and provisions of this Agreement;

    C. Webster Mrak & Blumberg shall have the authority and obligation to make payments, credits and disbursements, including payments in the manner set forth herein, to the Plaintiffs from the Payout Fund calculated in accordance with the methodology set out in this Agreement and orders of the Court;

    D. Webster Mrak & Blumberg shall make all proper payments, disbursements and credits from the Settlement Fund; and

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 8

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

E.  No payments shall be made from the Settlement Fund until the Final Judgment is entered and either (1) the period for appealing the Final Judgment has passed and expired, or (2) any appeal has been finally resolved.

**11.  Approval of Settlement and Dismissal with Prejudice.** Simultaneously with the filing of this Agreement, Plaintiffs' Counsel shall file a motion to approve the Agreement and for entry of the Final Judgment. Plaintiffs' Counsel shall provide Cruise West with a proposed motion at least seven (7) days prior to filing this Agreement and shall attempt in good faith to address any concerns raised by Cruise West. Cruise West will not oppose the motion; however, Cruise West reserves the right to correct and/or contest any representations or statements made in the motion or supporting documentation. Upon approval of the Agreement by the Court, the parties shall promptly present the Final Judgment to the Court for approval. After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (a) interpretation, implementation and enforcement of this Agreement, and (b) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

**12.  Procedure for Payment of Settlement Awards.** Settlement Awards for the Plaintiffs shall be paid pursuant to the settlement formula set forth herein. Webster Mrak & Blumberg's determination of the amounts of any Settlement Awards under the terms of this Agreement shall be conclusive, final and binding on all parties, including all Plaintiffs, subject to review by the Court, if necessary. Any checks paid to Plaintiffs shall remain valid and negotiable for 90 days from the date of their issuance. Any balance remaining in the trust account created by Webster Mrak & Blumberg shall be disbursed pursuant to further order of the Court. Webster Mrak & Blumberg shall keep the Court and counsel for the parties apprised of all distributions from the Settlement Fund, and upon completion of administration of the Agreement, Webster Mrak & Blumberg shall provide written certification of such to the Court and counsel for the parties.

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 9

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

13. **Costs of Administration.**

A.   All taxes (other than plaintiff-paid withholding taxes) shall be paid from the Settlement Fund as a cost of administration. In addition, Plaintiffs' Counsel's costs and expenses incurred in administering the settlement shall be reimbursed from the Settlement Fund in an amount not to exceed $2,000.00. The parties agree to cooperate in the settlement administration process and to make reasonable efforts to control and minimize the costs and expenses incurred in administration of the Agreement.

B.   As discussed in paragraph 1, Cruise West shall contribute a total of $15,000.00 toward the costs of administration.

C.   Payment of these amounts shall constitute full satisfaction of Cruise West's and the Released Parties' obligations to pay any amounts to any person, attorney, or law firm for costs, expenses, taxes, or any other amount in relation to the Action and the administration of and payments under this Agreement.

14. **Taxation.**

A.   The parties agree that appropriate withholding of federal, state, and local taxes, and the Plaintiffs' share of FICA and Medicare taxes, will be made from payments made pursuant to this Agreement.

B.   Webster, Mrak & Blumberg, as the Settlement Fund Administrator, shall undertake responsibility for paying all taxes (other than plaintiff-paid withholding taxes) as a cost of administration.

C.   Plaintiffs' withholding taxes shall be deducted from their Gross Settlement Amount. The amount of federal income tax withholdings will be based upon the applicable flat withholding rate for supplemental wage payments. Income tax withholdings will also be made pursuant to applicable state and/or local withholding codes or regulations.

D.   The Settlement Fund Administrator shall pay all taxes to the appropriate taxing authority and shall issue to individual Plaintiffs all tax documentation,

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 10

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

including Form W-2 for relevant wage damages, and Form 1099 for interest and liquidated damages and such individual Plaintiff's respective share of the Fees Award and cost reimbursement.

15.    **Nullification of Settlement Agreement.**  In the event (a) the Court does not approve the Agreement as provided herein; (b) the Court does not enter the Final Judgment as provided herein; or (c) the Agreement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall be treated as void *ab initio*. In such a case, absent a subsequent agreement between the parties, the parties and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the oral agreement of settlement on April 20, 2005, and the parties shall proceed in all respects as if this Agreement had not been executed, except that any fees already incurred to deposit the Settlement Fund into the registry of the Court shall be paid for by Plaintiffs. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought, administration of the Agreement shall be stayed pending final resolution of the appeal or other appellate review.

16.    **Authorization to Enter Into Settlement Agreement.**  Gloria Owen and Plaintiffs' Counsel warrant and certify that they are authorized by the Plaintiffs to negotiate and enter into this Agreement and to take all appropriate actions required or permitted to be taken by Plaintiffs pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The person signing this Agreement on behalf of Cruise West represents and warrants that he is authorized to sign this Agreement on behalf of Cruise West. The parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event the parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 11

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

effectuate the terms of this Agreement, the parties may seek the assistance of the Court to resolve such disagreement.

17. **Washington Law Governs.** All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Washington, excluding its choice of law rules.

18. **Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Agreement shall exchange among themselves original signed counterparts.

19. **Exhibits and Headings.** The exhibits are an integral part of this Agreement. Headings are inserted for convenience and are not part of this Agreement.

20. **Intent.** This Agreement is intended to fully and finally resolve all claims between the parties in the Action. Every provision of this Agreement shall be interpreted to accomplish this end.

21. **Disposition of Documents.** Within ninety (90) days of entry of the Final Judgment or upon final resolution of any appeal if the Final Judgment is appealed, all documents produced in the litigation shall be returned to the producing party unless the parties mutually agree to some other disposition of the documents. Nothing herein shall prejudice either party in *Rebecca Bell, et al. v. West Travel, et al.*, Case No. 2:04-cv-01890-TSZ, from seeking the retention or repeat production of documents produced in this litigation through the procedures provided under the Federal and Local Rules of Civil Procedure governing discovery.

22. **Modification of the Agreement.** This Agreement may be modified only through a written instrument signed by counsel and representatives of the parties.

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 12

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

23. **Defense and Indemnity.** To the extent that any claims arise relating to the administration of the Agreement, Webster Mrak & Blumberg shall defend and indemnify Cruise West and its counsel in the proceedings.

24. **This Settlement is Fair, Adequate and Reasonable.** The parties believe the Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this Agreement in arms-length negotiations, taking into account all relevant factors, present and potential. This Agreement was reached after extensive and tenacious negotiations.

25. **Cooperation and Drafting.** Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

NAMED PLAINTIFF/PLAINTIFFS

Date 8-1 2005

*/s/ Gloria Owen*
Gloria Owen, individually and as an authorized agent for all other Plaintiffs

PLAINTIFFS' COUNSEL

WEBSTER, MRAK & BLUMBERG

Date July 27, 2005

By: */s/*
James H. Webster
Richard P. Blumberg
Lynn D. Weir

GINSTER WEBB, P.S. INC.

Date July 27, 2005

By: */s/*
Gordon C. Webb
Anthony J. Ginster

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 13

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

NAMED DEFENDANT/DEFENDANTS

WEST TRAVEL, INC dba ALASKA SIGHTSEEING/CRUISE WEST CO.

Date: 8/3, 2005

By: _Jeffrey D. Krill_ (signature)
Its: _President_

CRUISE WEST

Date: 8/3, 2005

By: _Jeffrey D. Krill_ (signature)
Its: _President_

DEFENDANTS' COUNSEL

DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP

Date: August 2, 2005

By: _Michelle Buhler_ (signature)
    Michelle Buhler

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 14

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344

I hereby certify that on August 4th, 2005, I caused a copy of this document to be served upon the following:

| Recipient | Method |
|---|---|
| Michelle Buhler, michellb@dhlt.com, susanc@dhlt.com<br>Barbara Mahoney, barbaram@dhlt.com, lindab@dhlt.com<br>Randall Thomsen, randallt@dhlt.com, susiec@dhlt.com<br>Danielson Harrigan Leyh & Tollefson LLP<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104 | [ ] Legal Messenger<br>[ ] U. S. Mail<br>[ ] Facsimile<br>[x] Electronically (ECF) |
| Paul D. McFarlane, paul@maddenpoliak.com<br>1209 North 17th Street<br>Boise, ID 83702-3308 | [ ] Legal Messenger<br>[ ] U. S. Mail<br>[ ] Facsimile<br>[x] Electronically (ECF) |
| Allan L. MacDougall, john@montgomeryscarp.com<br>Montgomery Scarp MacDougall PLLC<br>1218 3rd Avenue, Suite 2700<br>Seattle, WA 98101-3237 | [ ] Legal Messenger<br>[ ] U. S. Mail<br>[ ] Facsimile<br>[x] Electronically (ECF) |

_/s/ Melanie Noel_
MELANIE NOEL

OWEN v. WEST TRAVEL, INC. (CASE NO. C03-0659Z)

STIPULATION AND SETTLEMENT AGREEMENT - 15

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WA 98101
(206) 223-0344